Maciejewska v. Jarzombek, 148 App. 161.

---

Sophia Maciejewska, Appellee, v. Theodore Jarzombek, Appellant.

Gen. No. 14,527.

PARTITION—*when allowance for improvements properly denied.* A remote grantee of one who has made improvements upon property subjected to partition at a time when he had no title or interest therein except an inchoate right of dower in an undivided

one-third thereof, is not entitled to an allowance upon account of such improvements.

Partition. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed April 20, 1909.

GEORGE W. HESS, for appellant.

JOHN S. HUMMER and CHARLES A. McDONALD, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal from a decree that partition be made of a certain lot in Chicago between appellant and appellee. It is undisputed that the parties are tenants in common, and that appellee is the owner of an undivided two-thirds and appellant of the other one-third of said lot. The sole ground of reversal urged is, that the decree makes no allowance to appellant for improvements made on said lot by John Jarzombek, appellant's grantor.

The title to the interest of each of the parties in said lot was derived as follows: John Witt died seized in fee of said lot intestate December 2, 1883, leaving Josephina Witt his widow and Sophia and Mary Witt his daughters, his only heirs at law, to whom the lot descended as tenants in common in equal shares, subject to the dower and homestead rights of the widow. The daughter Sophia is now Sophia Maciejewska.

In 1885, Mary Witt died intestate and her undivided half of said lot descended to her mother and sister, two-thirds to the mother and one-third to the sister, and thereafter Sophia Witt was the owner of the undivided two-thirds and her mother of the remaining one-third. July 25, 1887, Josephina Witt married John Jarzombek. October 12, 1904, Josephina and John Jarzombek conveyed said lot to Zaleski and three

days later Zaleski reconveyed said lot to John and Josephina Jarzombek as joint tenants. December 15, 1905, Josephina Jarzombek died and John Jarzombek, as her survivor, became sole owner of an undivided one-third of said lot. January 8, 1906, John Jarzombek conveyed his interest in said lot to the defendant, Theodore Jarzombek.

At the time of his death John Witt lived with his family in a small house on the front end of the lot and his widow lived there after his death. After his marriage to Josephina Witt, John Jarzombek lived with his wife in said house. Not long after his marriage he enlarged and improved said house. About 1889 he moved said house from the front to the rear end of the lot, and had another building placed on the front end of the lot which he improved and converted into a dwelling which he rented to other persons. He lived with his wife on said lot from the time of his marriage until he conveyed it to appellant; first in the small house, then in the cottage while it stood on the front end of the lot, and also after it was moved to the rear end of the lot. His stepdaughter Sophia lived with him as a member of his family up to the time of her marriage about 1898.

July 26, 1889, there was recorded an instrument purporting to be a warranty deed of said lot from John and Josephina Witt to John Jarzombek, dated March 15, 1885, and purporting to have been acknowledged on the day of its date before Peter Kiolbassa, a notary public. It is conceded that this instrument, dated and purporting to have been executed and acknowledged long after the death of John Witt, is forged and fictitious.

Whether John Jarzombek had the knowledge of the execution or recording of this forged and fictitious instrument it is not necessary to decide. The view most favorable to appellant is that he had no such knowledge, and for the purposes of this decision that view will be assumed to be correct.

Appellant relies on the well settled rule that when one tenant in common makes improvements on the property, he is, in case of partition, entitled to an allowance for such improvements, and his grantee is in such case entitled to an allowance. In all cases cited in which such allowances were made, the party who made the improvements was, at the time the improvements were made, a tenant in common. In this case the improvements for which the allowance was claimed were made by John Jarzombek at a time when he had no title or interest in said lot except his inchoate right of dower in the undivided one-third owned by his wife. The fact that he had such right in said lot when he made the improvements cannot be held to entitle his grantee to an allowance for such improvements.

There is no evidence tending to show that Josephina Jarzombek contributed towards the making of said improvements, and the contention of appellant that the improvements were made and paid for by John and Josephina Jarzombek jointly, or out of their joint funds, is without support in the evidence.

Appellant further contends that although John Jarzombek made said improvements it will be presumed, in the absence of evidence, that he made such improvements for the purpose of enhancing the value of the interest of his wife in said lot and as a gift to her, and that therefore appellant, her remote grantee, is entitled to an allowance for such improvements. This contention is, we think, without merit.

The improvements made on said lot by John Jarzombek, in our opinion, were not made under such circumstances as to entitle his grantee to an allowance on account thereof in this proceeding, and the chancellor therefore did not err in refusing such allowance.

The decree of the Circuit Court will be affirmed.

*Affirmed.*